IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLARD NUEL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-2024 |
| CAPITAL ONE, N.A. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                           January 24, 2012

This is a putative class action in which plaintiff debtors claim that the practices of defendant, a mortgage servicer, violate the terms of the mortgage contract, the automatic stay provisions of the Bankruptcy Code, and Pennsylvania's consumer protection law.[1] Defendant moves to dismiss the amended complaint.[2] The motion will be granted.

Count I: Count I of the amended complaint alleges a claim for breach of the mortgage contract arising from defendant's calculation and imposition of late fees. Defendant deducts late fees from the next month's payment. Unless the payment includes an extra amount to

---

[1] On November 11, 2010, named plaintiff Willard Nuel filed a Chapter 13 Bankruptcy Petition in the Eastern District of Pennsylvania. *In re Nuel*, No. 10-19808. The amended complaint does not allege that the Bankruptcy Court has confirmed plaintiff's plan.

[2] Deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) involves a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). First, the factual and legal allegations must be separated. "A District Court must accept all of the complaints well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11. The court must then determine whether the facts alleged show an entitlement to relief. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the compliant has alleged - but it has not 'shown' - that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A complaint that does not show an entitlement to relief under this standard will be dismissed..

cover the late fee, this has the effect of rendering a timely, in-full payment inadequate and late. The process is repeated until the extra late fee is included with a timely monthly payment.

As alleged in the amended complaint, defendant continued to impose and deduct late fees following the filing of a bankruptcy petition based on prior arrearages: "Although the filing of a Chapter 13 bankruptcy proceeding acts to reset the status of the mortgage payment history to a post-bankruptcy petition, current status, for purposes of assessing late charges, *inter alia*, CONA has not reset the payment status to 'Current,' but, instead, continues to charge post-bankruptcy petition late charges that are made timely, and such late charges should not have been imposed." Amended complaint, ¶ 18(b)(10). Moreover, according to the amended complaint, "By operation of law, when a person files for protection under and pursuant to 11 U.S.C. Chapter 13, the pre-bankruptcy petition arrears become part of the Chapter 13 plan," and "the debtor's post-bankruptcy petition mortgage payment status is that the debtor is current as long as the debtor maintains current post-petition mortgage payments." It is plaintiff's contention that "when post-bankruptcy petition mortgage payments are made on a timely basis late charges that may have evolved from the debtor's pre-bankruptcy petition arrears may not be charged." Id., ¶¶ 33, 34, 36. Defendant's post-petition imposition of late fees based on pre-petition arrearages, according to the complaint, violates the mortgage contract.

According to defendant, plaintiff's claim is preempted by the Bankruptcy Code

because its gravamen is that defendant's challenged practice violates the automatic stay provisions of the Code: defendant does not reset debtor's balances to pre-petition current status following the filing of a bankruptcy petition, using pre-petition arrearages as a basis for imposition of late charges post-petition. The Bankruptcy Code contains the exclusive remedy for wrongful conduct committed during the pendency of a bankruptcy. In re Brundage, 2005 WL 2206076, at *4 (E.D. Pa., filed Sep. 9, 2005), quoting Abramson v. Federman & Phelan, 313 B.R. 195, 197 (W.D. Pa. 2004) (Bankruptcy Code preempted state law claims, including claims for violation of UTPCPL brought by Chapter 13 debtor, because the "fundamental purposes of the bankruptcy system is to adjudicate and conciliate all competing claims to a debtor's property in one forum."); see also In re Keeler, 440 B.R. 354, 367 (Bankr. E.D. Pa. 2009) ("Pennsylvania's consumer protection law is preempted in this instance by federal bankruptcy law."); Raymark Indus., Inc. v. Baron, 1997 WL 359333, at *9-11 (E.D. Pa., filed June 23, 2997) (dismissing statutory and common law claims as preempted by Bankruptcy Code).

Count II: Count II of the amended complaint alleges that defendant's practice of using pre-petition arrearages as a basis of imposing post-petition late fees violates Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(5). This is the basis for plaintiffs' claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. Amended Complaint ¶ 54. Defendant's position again is that plaintiffs' state law claims are pre-empted by the Bankruptcy Code and must be

dismissed.

Plaintiff did not respond to this argument, and accordingly, the motion in this regard may be granted as uncontested.  Local Rules of Civil Procedure 7.1(c) ("In the absence of a timely response [to a motion] the motion may be granted as uncontested."); Jackson v. J. Lewis Crozer Library, 2007 WL 2407102, at *6 (E.D. Pa., filed Aug. 22, 2007) ("Since plaintiff did not address defendants' motion with respect to punitive damages, I will treat that portion of the motion as uncontested.")

Count III:  Count III of the amended complaint purports to state a claim for violation of the automatic stay provisions of the Bankruptcy Code.  Plaintiff has agreed to withdraw this claim.  See plaintiff's memorandum, p.3.

Request for Leave to Amend:  Plaintiff also requests leave to further amend the complaint by removing all references to the Bankruptcy Code and alleging only the breach of contract and consumer protection law claims, which, plaintiff argues, involve post-petition claims and are not part of the bankruptcy estate and, therefore, not subject to preemption.[3]

As noted with reference to Count I of the amended complaint, the gravamen of plaintiff's claim is that defendant's conduct violates the automatic stay provisions of the Bankruptcy Code.  Plaintiff does not adequately explain how removing references to the

---

[3] "Motions to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15.  However, the decision to grant or deny a motion for leave to amend a pleading is within a district court's discretion.  A court can refuse to permit amendment based on undue delay, bad faith, prejudice to the opposing party, or futility of the amendment.  An amendment is futile if it would fail to state a claim on which relief could be granted." Berk v. JP Morgan Chase Bank, N.A., 2011 WL 6210674, at *2 (E.D. Pa., filed Dec. 13, 2011) (internal citations omitted).

Bankruptcy Code in another amended pleading will change the nature of the asserted claims. The requested amendment appears to be futile, because the proposed claim would be preempted by the Bankruptcy Code. Plaintiff's request to further amend the complaint, accordingly, must be denied.

                              BY THE COURT:

                              /s/ Edmund V. Ludwig
                              Edmund V. Ludwig, J.